OLSON, Appellant, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent.

(260 N. W. 838.)

(File No. 7780. Opinion filed May 24, 1935.)

O. S. *Eastvold*, of Yankton, for Appellant.

*Bailey & Voorhees* and *M. T. Woods,* all of Sioux Falls, for Respondent.

CAMPBELL, J.   Plaintiff instituted this action to recover a balance claimed to be due from defendant on a policy insuring plaintiff's automobile against loss by fire.   All relevant facts are fully pleaded and the case comes up on plaintiff's appeal from an order sustaining defendant's demurrer to his complaint.

The policy provided that the liability of the company for loss of the automobile by fire "shall in no event exceed Fourteen Hundred Ten Dollars."   The policy also provided "The amount for which the automobile * * * is insured * * * shall take a natural depreciation of two per cent (2%) per month, or any part thereof, for the first twenty-four (24) months succeeding the date when the insurance takes effect, and one per cent (1%) per month, or any part thereof, thereafter."   The automobile was destroyed by fire in the 44th effective month of the policy, and defendant company paid plaintiff $451.20 for the loss.   Plaintiff brought this action on the theory that he was entitled to recover the further sum of $259.26 plus interest from the date of the loss.   Assuming, without deciding, the validity of appellant's contention that the policy is a valued policy, the appeal presents but a single question, and that, by what method depreciation should be computed under

the clause above quoted. If respondent is correct in its contention as to the proper method of computing depreciation (and the trial court held that it was), then the $451.20 already paid to appellant is the full amount of liability under the policy, and the demurrer was properly sustained. If appellant is correct in his view as to the proper method of computation, then the depreciation at the time of the loss was $259.26 less than it was according to respondent's computation, and the order sustaining the demurrer to the complaint was erroneous.

Appellant urges that the depreciation clause above quoted requires the application of what is sometimes known as the "reducing balance" method of computation, which is often and perhaps better called the "fixed percentage of diminishing value" method. By this method, the depreciation would be computed as follows. As depreciation for the first month, there is deducted 2 per cent of $1,410 or $28.20, leaving the depreciated value of the car during the first month, $1,381.80; for depreciation during the second month, there is deducted from said depreciated value of $1,381.80, 2 per cent thereof amounting to $27.64, leaving the depreciated value of the car during the second month, $1,334.16; and so on by like process for each month, at the rate of 2 per cent for the first 24 months and 1 per cent for the next 20 months. Shortcutting the mathematics of these computations by the use of a formula and a five-place logarithm table, the depreciated value of the car by the 44th month is found to be $710.46.

Respondent, on the other hand, maintains, and the trial court held, that the depreciation clause of the policy contemplates the application of what is customarily called the "straight-line" method. By this method, the depreciation would be computed as follows. The depreciation rate is 2 per cent a month for the first 24 months, making 48 per cent. It is 1 per cent a month for the next 20 months or 20 per cent, and by addition, the total depreciation for 44 months is 68 per cent. Applying this 68 per cent to the $1,410 as a base, depreciation for the 44 months is $958.80, leaving the depreciated value for the 44th month, $451.20, which has already been paid to appellant.

Counsel do not cite and we have failed to find any case precisely in point. The problem presented is rather one of accounting method than anything else. Both the "straight-line" method of

computing depreciation and the "fixed percentage of diminishing value" method are recognized by accountants and valuation experts. Professor Sailers (Accountants Handbook, Ronald Press, N. Y. 1923, p. 496) says that the "straight line" method "is simplest and most widely employed." He says also (p. 512) "in England the reducing balance method is popular * * * in the United States the straight-line method, which requires that an equal percentage be written off original cost each year is most popular." The "straight-line" method is recommended by the depreciation section of the Interstate Commerce Commission. See Whitten, Valuation of Public Service Corporations (2d Ed. 1928) p. 1824 et seq.

If the "straight-line" method is pursued, the depreciated value at any time can be determined by one extremely simple and easy computation. If the "fixed percentage of diminishing value" method is employed, the determination of depreciated value, particularly after a number of months have elapsed, is by no means so simple. It requires either the making of a very considerable number of arduous computations (one for each month elapsed), or the use of a formula and a table of logarithms.

Pursuant to the "straight-line" method, this car, with an initial value of $1,410, would depreciate 50 per cent in two years and two months; it would depreciate 75 per cent in four years and three months; it would be completely consumed by depreciation, so as no longer to have any insurable value, in six years and four months. The "fixed percentage of diminishing value" method, on the other hand, sets up as a measure of depreciation a converging variable which approaches negative infinity as a limit but converges very slowly as the months go on. By this method of computation this car with an original value of $1,410 would not depreciate 75 per cent until approximately nine years and six months after the date of the policy. At the end of 20 years it would still have a depreciated insurable value of approximately $100. The matter of automobile depreciation is of such general and common experience nowadays that we may perhaps judicially notice that computation pursuant to the "straight-line" method brings about a result appreciably closer to the actual fact situation as to depreciation in value than does computation by the other method.

■ ■ It is also to be observed that the policy provides that "The amount for which the automobile * * * is insured * * *

shall take a natural depreciation of two per cent (2%) per month, etc." This language must be construed as of the date of the policy, and if appellant is correct in his contention that the policy is a valued policy, then the phrase "the amount for which the automobile * * * is insured" refers to the stated sum of $1,410, and that is the amount which the policy says is to "take a natural depreciation of two per cent (2%) per month." By the "straight-line" method of computation that amount, to wit, $1,410, does in fact take a depreciation of 2 per cent per month for the first 24 months and 1 per cent per month thereafter. That is, the percentage of depreciation each succeeding month is applied, as the policy says it shall be applied, to "the amount for which the automobile * * * is insured." By the "fixed percentage of diminishing value" method "the amount for which the automobile * * * is insured * * * does not in fact take the rate of depreciation per month that the policy specifies. "The amount for which the automobile * * * is insured" never takes depreciation at the percentage rate specifed in the policy save only for the first month. In each month thereafter the percentage rate of depreciation set forth in the policy is applied, not to "the amount for which the automobile * * * is insured," but to a diminished amount, which is still further diminished each month.

Upon all these considerations, we are of the opinion that the trial court properly held that depreciation should be computed according to the "straight-line" method, and the order appealed from is therefore affirmed.

WARREN, P. J., and ROBERTS and RUDOLPH, JJ., concur.

POLLEY, J., absent, and not participating.